Estate of Albert E. MacCrowe, Deceased, James C. L. Anderson, Administrator, de bonis non, with the will annexed, and Hazel B. MacCrowe (Now Hazel B. Keen), Surviving Wife v. Commissioner.
Estate of MacCrowe v. Commissioner
Docket No. 50146.
United States Tax Court
T.C. Memo 1957-103; 1957 Tax Ct. Memo LEXIS 145; 16 T.C.M. (CCH) 428; T.C.M. (RIA) 57103; June 26, 1957
*145 Rollin H. Transue, Esq., for the respondent. MURDOCK Supplemental Memorandum Opinion and Findings of Fact per Mandate MURDOCK, Judge: This case was originally heard by Judge Luther A. Johnson who entered memorandum Findings of Fact and Opinion on August 26, 1955 [14 TCM 958, T.C. Memo. 1955-238] The petitioners took an appeal to the United States Court of Appeals for the Fourth Circuit, which reversed the Tax Court by a per curiam opinion dated July 17, 1956, vacating the decision and remanding the case to the Tax Court. Judge Johnson retired as a Judge of this Court on September 30, 1956, pursuant to section 7447(b)(2)(A) of the Internal Revenue Code of 1954 without taking any action pursuant to the mandate. The proceeding was reassigned to Judge Murdock on May 20, 1957. An order of this Court, dated April 15, 1957, noted the mandate of the United States Court of Appeals for the Fourth Circuit and ordered the parties to file computations of the petitioners' tax liability or otherwise move in respect to the case before May 15, 1957. The Commissioner, in response to the order, filed a computation for entry of decision on *146 April 22, 1957, in the same amounts originally determined by this Court. The petitioners, on May 7, 1957, filed objections to the Commissioner's computation and stated that it was impossible to make computations under the mandate and moved "that the case be placed on the next Washington calendar for disposition consistent with the Mandate handed down in the appeal proceedings." The Court issued an order on May 20, 1957, which was in part as follows: "The mandate remanded the case 'with direction to find the facts upon which the conclusions of the court are based, and with leave to hear additional evidence and to enter such judgment as upon the facts as found may be appropriate in the premises, in accordance with the opinion of the court filed herein.' This Court would not be complying with that mandate if it approved the computation submitted by the Commissioner to which the petitioner objects. "The petitioner, on the other hand, has not indicated to the Court, in response to the Court's order of April 15, 1957, whether or not it desires to introduce any additional evidence, the nature of any additional evidence, or whether it desires to amend its petition to raise an issue with *147 respect to any expenses not alleged in its existing petition. Both parties should be informed of what the other desires the Court to do if there is to be any amendment to the petition or any further hearing with or without any amendment to the petition. It would appear that the Commissioner wants the Court to proceed in accordance with the mandate without any further hearing and without any amendment to the pleadings. "The petitioner is directed to file a motion on or before June 3, 1957, indicating what it desires the Court to do under the mandate, particularly with reference to the matters mentioned above." The petitioners, on May 29, 1957, filed a motion "IN COMPLIANCE WITH" the Court's order of May 20, 1957, stating that they do not deem an amendment to the petition necessary under the mandate; that "the evidence of record sufficiently supports a finding of fact for the entry of a judgment of no deficiency for the calendar year 1948"; and moving for judgment. Thus, it is now appropriate for this Court to proceed to carry out the mandate on the original record and pleadings. The Court of Appeals held that the Tax Court was correct in denying the petitioners their claim for *148 a deduction of attorney's fees, but it noted that the Tax Court had "made no findings with respect to other deductions, some of which may have been properly allowable under the rule as laid down in Commissioner v. Doyle, 7 Cir. 231 Fed. (2d) 635." The only assignments of error in the petition relating to deductions appear in paragraph 4(h) wherein it is alleged that the Commissioner erred in his proposal to disallow legal fees in the amount of $7,000 incurred and paid in 1949. The amounts making up that total were stipulated and all issues relating thereto have been decided by this Court and, in part, by the Court of Appeals. The order of May 20, 1957, directed the petitioners to advise the Court whether they desired to amend their petition to raise an issue with respect to any expenses not alleged in the existing petition. The petitioners in their motion of May 29, 1957, in reply to that order, take the position that under the mandate no amendment to the petition is deemed necessary or required and they have offered none. There is some testimony to the effect that the revenue agent failed to consider the deductions claimed for money paid the decedent's assistants, *149 and it is stipulated that the decedent spent $670.37 in 1948 and $341.47 in 1949 for drugs. No error is assigned in the petition as to any of those items and the briefs contain no reference to them. Some of those amounts appear to have been taken in the original returns and were not questioned by the Commissioner. Thus, not only is no issue "with respect to other deductions" pleaded or clearly defined in any way but, in any event, evidence was not introduced for the purpose of proving any "other deductions" "under the rule as laid down in Commission v. Doyle" and no findings of specific amounts are justified under all of these circumstances. The Court of Appeals, in remanding this case, further directed the Tax Court to find the facts upon which it based its ultimate findings that the taxpayer had gross incomeof $115,000 for 1948 and $55,000 for 1949. It also quoted from its opinion in Timmons v. Commissioner, 198 Fed. (2d) 142, to the effect that there must be findings sufficient to indicate the factual basis for the ultimate conclusion, although in making the reconstruction absolute accuracy of detail is not essential. It is not easy to comply with those particular *150 portions of the opinion and mandate in view of the circumstance that the Judge who reached the ultimate conclusions involved is no longer on the Tax Court. However, the following finding is made from the record: "The decedent used and could safely use only one one-quarter grain morphine tablet (referred to as HMC No. 1) for each patient. They could only be obtained by the decedent's written application. He administered them himself and he was very careful not to lose any. The decedent purchased from a wholesale drug company in Baltimore 240 HMC No. 1 tablets on May 11, 1948, 240 on October 13, 1948, and 240 on February 24, 1949." The record does not show how many such tablets, if any, the decedent had on hand when his activities were terminated by his arrest. His purchases would indicate that he was purchasing about 240 such tablets every 4 1/2 to 5 months. The evidence of the rate at which he purchased the tablets, the use he made of them, the capacity of his facilities, the number of patients estimated by the decedent in making his returns, the existing findings as to his fees, the testimony of his two assistants and the presumption of correctness attaching to the Commissioner's *151 determination of the deficiencies would all support findings of gross income in excess of those determined by Judge Johnson. It is not fully or readily apparent from the record how Judge Johnson arrived at a figure for each of the two years less than that determined by the Commissioner. However, the Commissioner took no appeal and the taxpayer would seem to have no reason to complain because the Tax Court had determined ultimate figures of gross income less than the record supports. Judge Johnson referred to evidence which caused him to discount the figures used by the Commissioner in his determination of the deficiencies. See original findings of fact and opinion. Apparently his figures were his best approximation from the entire record, since he had to find some gross income figure for each year. There now appears to be no reason to depart from the figures used in reaching the original decision. Decision will be entered in accordance with the computation filed by the Commissioner on April 22, 1957.